```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**CHRISTIAN L. DAVIS,**

        **Plaintiff,**

  vs.                                    **Civil Action 2:14-cv-1909**
                                            **Judge Smith**
                                            **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

<u>REPORT AND RECOMMENDATION</u>

**I.   Background**

    This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying the application for supplemental security income filed on behalf of plaintiff Christian L. Davis.  This matter is now before the Court on *Plaintiff Christian L. Davis's Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 12, the *Commissioner's Response*, Doc. No. 13, and *Plaintiff's Reply*, Doc. No. 14.

    Plaintiff's application for benefits was filed on August 19, 2011, and alleges that plaintiff has been disabled since April 1, 2011.  *PAGEID* 44, 186-91.  The application was denied initially and upon reconsideration.  An administrative hearing was held on January 11, 2013, at which plaintiff, represented by counsel, appeared and testified, as did plaintiff's mother, Sheila Collins.  *PAGEID* 44, 63.

In a decision dated May 16, 2013, the administrative law judge concluded that plaintiff was not disabled from August 19, 2011, the date the application was filed, through the date of the administrative decision. *PAGEID* 44-56. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on August 21, 2014. *PAGEID* 32-35.

Plaintiff was 15 years of age when his application for benefits was filed, see *PAGEID* 44, 186, and was 17 years of age on the date of the administrative law judge's decision. See *PAGEID* 56, 186. He has not engaged in substantial gainful activity since August 19, 2011, the application date. *PAGEID* 44, 47.

## II. Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of fibromyalgia and adjustment disorder. *PAGEID* 47. The administrative law judge found that plaintiff's impairments neither meet nor medically equal a listed impairment. *PAGEID* 47-48. The administrative law judge also found that plaintiff did not "have an impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." *PAGEID* 48-56. The administrative law judge specifically found that plaintiff has less than marked limitation in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for himself, and health and physical well-being. *Id*. The administrative law judge therefore

2

concluded that plaintiff was not disabled within the meaning of the Social Security Act from August 19, 2011, through the date of the administrative decision.  *PAGEID* 56.

**III. Standards**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs*., 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs*., 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole.  *Kirk*, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *Longworth,* 402 F.3d at 595.

3

Plaintiff was under the age of 18 at all relevant times. A child is disabled under the Social Security Act if he has a medically determinable impairment that results in "marked and severe functional limitations" which meet the 12-month durational requirement of the Act. 42 U.S.C. §1382(a)(3)(C)(i). In determining whether a child's impairments satisfy this standard, the Commissioner's regulations prescribe a 3-step sequential evaluation. 20 C.F.R. § 416.924(b)-(d). First, the Commissioner must determine whether the child is engaging in substantial gainful activity. *Id.* If so, the child is not disabled and the Commissioner is not required to further review the claim. *Id.* Second, the Commissioner must determine whether the child has a "severe" impairment, *i.e.,* one that is more than a slight abnormality and causes more than minimal functional limitation. *Id.* If the child does not, the child is not disabled. *Id.* Lastly, the Commissioner must determine if the child has an impairment that meets, medically equals, or functionally equals a listed impairment. *Id.* If so, the child is disabled. *Id.*

For an impairment or combination of impairments to be functionally equivalent to a listed impairment, the child must have "marked" limitations in two functional areas or an "extreme" limitation in one functional area. To make this determination, it is necessary to evaluate the child's abilities in six "domains": (1) the ability to acquire and use information; (2) the ability to attend to and complete tasks; (3) the ability to interact and relate with others; (4) the ability to move about and manipulate objects; (5) the

4

ability to care for oneself; and (6) one's general health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

A "marked" limitation is defined in the regulations, in relevant part, as follows:

> (i) We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities.  "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme."  It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

20 C.F.R. § 416.926a(e)(2)(i).

The regulations define an "extreme limitation," in relevant part, as follows:

> We will find that you have an "extreme" limitation in a domain when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities.  Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities.  "Extreme" limitation also means a limitation that is "more than marked."  "Extreme" limitation is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function.  It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean.

20 C.F.R. § 416.926a(e)(3)(i).

**IV.  Discussion**

In his *Statement of Errors*, plaintiff argues, *inter alia*, that the administrative law judge erred in failing to evaluate the medical

5

opinions of Charles H. Spencer, M.D. *Statement of Errors*, pp. 7-8. Plaintiff specifically argues that the administrative law judge "never acknowledged [Dr. Spencer's opinion], never evaluated it, and gave no statement of what weight he gave it." *Id*. at p. 8.

An administrative law judge is required to evaluate every medical opinion, regardless of its source. 20 C.F.R. § 416.927(c). The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 416.927(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir.

6

2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).  This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Plaintiff treated with Dr. Spencer in the Department of Rheumatology at Nationwide Children's Hospital.  On April 29, 2011, Dr. Spencer opined as follows:

> Christian has juvenile fibromyalgia – it causes diffuse body pain, fatigue, poor sleep, inability to concentrate, + other problems.  At present he will difficulty [sic] performing normally at school.  He may need extra tutoring, 1/2 day classes, elevator access, online classes, + other 504 adjustments to help him finish this 2010-2011 school year.  We hope to make him much better by next school year.

*PAGEID* 527.  One month later, on May 24, 2011, Dr. Spencer reported the following:

> [Plaintiff] has significant pain and his diagnosis includes Fibromyalgia and possible Juvenile Idiopathic Arthritis.  He has abnormal sacroiliac joint findings on Xray and further diagnostic evaluation is underway to clarify the extent of his problems.
>
> Christian is on medication and has been referred to the Pain Clinic where care will begin in July.
>
> It is my understanding that Christian has been a strong student in the past and I support putting an IEP in place under "other health impairments" so that his current medical issues do not compromise his academic progress.  I recommend the following accommodations:

> Schedule his classes so that walking stairs is minimized or give him access to an elevator.
>
> Allow frequent trips to his locker to avoid carrying a heavy backpack all day.
>
> Provide a second set of books for home to prevent carrying a heavy backpack.
>
> Allow for a 5 – 10 minute respite at the nurse's office if Christian is in pain during the day.
>
> Allow official medical absences based on parent report.
>
> Allow extended time for make up work without penalty.

*PAGEID* 573.

It is undisputed that Dr. Spencer's April 29 and May 24, 2011 opinions constitute "medical opinions"[1] under the regulations. *Cf. West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 697 (6th Cir. 2007) (rejecting a treating source opinion because it was "not a specific, medically supported opinion on the nature and severity of [the plaintiff's] impairments; rather it is an assessment on the ultimate issue of whether [the plaintiff] could continue to work with his medical condition"). The Commissioner concedes that Dr. Spencer qualifies as a treating physician and that the administrative law judge made no mention of Dr. Spencer's April and May 2011 opinions in his decision. *Commissioner's Response*, pp. 7-11. The Commissioner argues, however, that this action should not be remanded because Dr. Spencer's opinions predate plaintiff's application date, "the ALJ's

---

[1] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2).

8

findings are consistent with Dr. Spencer's opinions," and the opinions "do not contradict the ALJ's determination that Plaintiff's impairments improved after his rehabilitation program and caused less than marked limitations during the relevant period." *Id*. at pp. 8-9. The Commissioner's arguments are not well taken.

The administrative law judge made no specific mention of Dr. Spencer's opinions or treatment notes, did not evaluate Dr. Spencer's opinions for controlling weight, and did not expressly consider the factors required by *Wilson*. The Commissioner argues that the administrative law judge's "findings are consistent with Dr. Spencer's opinions." *Id*. at p. 8. However, the administrative law judge did not adopt Dr. Spencer's findings and, although the administrative law judge considered other evidence that was consistent with some of Dr. Spencer's opinions, *see PAGEID* 51-56, it does not appear that the administrative law judge considered all the limitations articulated by Dr. Spencer. This Court therefore cannot determine whether the administrative law judge intended to reject Dr. Spencer's opinions, either in whole or in part. *See Blakley*, 581 F.3d at 409 ("However, the ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where we cannot engage in 'meaningful review' of the ALJ's decision."); *Tomblin v. Comm'r Soc. Sec.*, 1:10-CV-888, 2011 WL 5859204, at *14 (S.D. Ohio Oct. 20, 2011) ("Here, however, there is no such evidence from which the Court can infer that the ALJ even reviewed Dr. Bell's RFC assessment, making it impossible to determine if the ALJ intended to implicitly reject the opinion."),

9

*report and recommendation adopted by Tomblin v. Comm'r of Soc. Sec.*, 1:10-CV-888, 2011 WL 5859026 (S.D. Ohio Nov. 22, 2011). Indeed, it is not even apparent from the record whether the administrative law judge was aware of Dr. Spencer's opinions. Even assuming, *arguendo*, that the administrative law judge did consider Dr. Spencer's opinions, the administrative law judge did not provide reasons "sufficiently specific to make clear to any subsequent reviewers" the reasons for discounting Dr. Spencer's opinions. *See Rogers*, 486 F.3d at 242.

In short, the Court concludes that the matter must be remanded for further consideration of Dr. Spencer's opinions. Accordingly, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** consistent with the foregoing.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


June 9, 2015                                         *s/Norah McCann King*
                                                  Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge

11